IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,455




EX PARTE ARTHUR LEE WILLIAMS




ON APPLICATION FOR WRIT OF HABEAS CORPUS 
CAUSE NO. 354897-A IN THE 208TH DISTRICT COURT
HARRIS COUNTY


 

           Per Curiam.                       
 

O R D E R

           This is an initial application for writ of habeas corpus filed pursuant to Texas Code
of Criminal Procedure Article 11.07.
           Applicant was convicted in February 1983 of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant’s conviction and sentence on direct appeal. Williams v. State, 682 S.W.2d 538
(Tex. Crim. App. 1984). The Supreme Court granted certiorari and vacated the judgment on
a voir dire issue. Williams v. Texas, 479 U.S. 1074 (1987). This Court remanded the case
to the trial court for a hearing in accordance with Batson v. Kentucky, 476 U.S. 79 (1986). 
This Court then affirmed applicant’s conviction and sentence on appeal after remand. 
Williams v. State, 804 S.W.2d 95 (Tex. Crim. App.), cert. denied, 501 U.S. 239 (1991). 
           Applicant’s initial habeas application was filed in the convicting court on December
27, 1993. His application was received in this Court on January 22, 2009. We remanded
applicant’s writ to the trial court so that it could address specific allegations that the trial
court had failed to address in its original findings and conclusions. Ex parte Williams, No.
WR-71,404-01(Tex. Crim. App. Apr. 29, 2009)(not designated for publication). The case
has now been returned to this Court. 
            This Court has determined that the case should be filed and set on the following
issues:
Claim 4, subsection 1: Counsel failed to object when the prosecutor told
veniremen that the term “probability,” as applied
to the special issue on future dangerousness,
could mean “one in a million.”
 
Claim 4, subsection 4:Counsel failed to challenge for cause venireman
Risinger, who would automatically give an
affirmative answer to the special issue on
deliberateness if he convicted the defendant of
murder.
 
Claim 11, subsection 6:Counsel called witnesses whose testimony
established that applicant knew that [the victim]
was a police officer.
 
           Claim 11, subsection 16:    Counsel failed to object to the prosecutor’s argument that
applicant tried to rob someone on a prior occasion and
then claimed that he was the victim.
 
           Claim 13, subsection 1:      Counsel failed to present any mitigating evidence
[specifically the effect Wiggins v. Smith, 539 U.S. 510
(2003) may have on the issue].
 
           Claim 13, subsection 2:      Counsel argued that the jury should consider [the
victim’s] widow in assessing applicant’s punishment.
 
           Claim 15:                            Article 37.071 of the Texas Code of Criminal Procedure
is unconstitutional as applied to applicant because it
requires a mandatory death sentence if the jury answers
the special issues in the affirmative even if the jury
believed that applicant did not deserve to die.

           If either applicant or the State wishes to file a brief on any or all of the above claims,
they may do so. Both briefs shall be due in this Court within forty-five (45) days of the date
of this order. 
           IT IS SO ORDERED THIS THE 17th DAY OF NOVEMBER, 2010.

Do Not Publish